# EXHIBIT 5

EATON
Powering Business Worldwide

Eaton
Law Department
Eaton Center
Mail Code 4 North
1000 Eaton Boulevard
Cleveland, OH. 44122
tel: 440-523-4117
email: annaraske@eaton.com

October 25, 2016

**Via Email and USPS**
kperrelli@seyfarth.com

Ms. Katherine E. Perrelli
Seyfarth Shaw LLP
Seaport East
Two Seaport Lane, Suite 300
Boston, MA 02219-2028

Re: Damon Baker

Dear Ms. Perrelli:

This letter is in response to the letter dated October 7, 2016 addressed to Eaton Corp and the letter dated October 7, 2016 to Damon Baker.

In response to the letter directed to Eaton, Eaton again conducted an investigation of the computer Eaton issued to Mr. Baker. Specifically, Eaton searched the USB devices that were used on Mr. Baker's Eaton computer and none of them match the list of 9 you identified. Eaton also searched for the "contacts.csv" file identified in your letter and did not find any indication that he opened a file named "contacts.csv." Similarly, Eaton did not locate a "DamonContacts.pst" on Mr. Baker's Eaton computer. In addition, a search of the PST files on Mr. Baker's Eaton computer did not reveal any Danaher confidential information. Finally, in reviewing his Eaton computer, Eaton did not find a DropBox installed nor any evidence that Mr. Baker used a DropBox. Accordingly, Eaton is not aware of any Danaher confidential or proprietary information contained on Mr. Baker's Eaton issued computer.

Eaton also spoke with Mr. Baker in connection with the separate letter you sent to him dated October 7, 2016. In response, and on behalf of Mr. Baker, we are providing the following additional information.

At your request, Mr. Baker again searched his former residence for any additional USB drives that may have been inadvertently overlooked when he previously returned the Danaher issued property. Mr. Baker was able to locate 4 old USB drives, in addition the one USB we previously identified that was used to download Mr. Baker's personal information. Only one of the five USB devices matches the serial numbers you identified in your letter (2GE64EYT). None of these five USB devices has been used, accessed, installed or uploaded on Eaton's computer.

The USB device 2GE64EYT is the external drive that was previously identified as the USB device Mr. Baker used prior to leaving Danaher for the purpose of transferring personal information, including contact information, from his Danaher computer. In response to your letter, Eaton conducted a forensic search of the USB device 2GE64EYT. During that search it was discovered that Mr. Baker reused a USB device that he had used in the past to back up his Danaher hard drive. Consequently, the recycle bin did contain certain Danaher information. Notably, however, the forensic search demonstrated that the Danaher backup information on this USB had not been accessed by anyone since 2012 or earlier. Moreover, as previously stated, none of the information on USB device 2GE64EYT was used or imported on Mr. Baker's Eaton computer.

We are enclosing the 2GE64EYT USB device. With the exception of Eaton's IT department, which is maintaining a preserved image of all of the requested information, on a confidential basis and only until this matter is fully resolved, Eaton has not retained any Danaher information. Mr. Baker, however, has preserved only the personal information from the 2GE64EYT USB device. Specifically, Mr. Baker has retained an image of the files listed on the attached Appendix.

With respect to the 4 additional drives, none of them match the serial numbers listed in your letter. We are enclosing all 4 of these USB devices. Eaton IT Department will retain an image of these files until the matter is fully resolved. Again, none of these drives have been accessed or used by Mr. Baker since he left Danaher and they have not been used or loaded onto Mr. Baker's Eaton's computer. Mr. Baker is not aware of any additional USB devices.

Eaton and Mr. Baker do not have any additional information regarding the other USB devices listed in your letters. Although Mr. Baker informs Eaton that it was not uncommon for him to transfer data to a USB device in the course of him employment with Danaher for the purpose of sharing information with his Danaher colleagues, Mr. Baker states that he does not have any specific recollection of using the 8 of the 9 USB devices in the weeks leading up to his separation from Danaher.

Mr. Baker has also provided his personal computer to Eaton for imaging and review. Notably, Mr. Baker only recently purchased a home computer and did not have a personal computer while employed with Danaher. Mr. Baker states that he did not export the C:\Email Archive file. Moreover, the personal computer does not contain the C:\Email Archive. The USB device 2GE64EYT and Mr. Baker's personal computer contain Mr. Baker's personal contact list.

With respect to the DropBox account, Mr. Baker acknowledges that while he was employed with Orascoptic, he and his colleagues often used DropBox to share information. Since his transfer from Orascoptic over two and half years ago, Mr. Baker informs Eaton that he has not had an occasion to use Dropbox and no longer has a user name or password.

Finally, Mr. Baker explains that at the time he returned the two Danaher computers, he was not aware of any virus nor did he intentionally import any virus. The active Danaher

computer was the only computer he used (as your letter indicates the other Danaher computer has been inactive due to set-up difficulties at the time and he did not own a personal computer), and thus he would not have been able to perform his work had it been infected.

Should you have any additional question, please do not hesitate to contact me.

Very truly yours,

Anna K. Raske
Counsel, Corporate HR & Benefits

Enclosure

cc: Damon Baker