# EXHIBIT 6

SEYFARTH SHAW

Seyfarth Shaw LLP
Seaport East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
(617) 946-4800
fax (617) 946-4801
www seyfarth com

Writer's direct phone
(617) 946-4817
Writer's e-mail
kperrelli@seyfarth.com

WASHINGTON, D.C. SYDNEY SHANGHAI SAN FRANCISCO SACRAMENTO NEW YORK MELBOURNE LOS ANGELES LONDON HOUSTON CHICAGO BOSTON ATLANTA

December 27, 2016

Anna K. Raske
Counsel, Corporate HR & Benefits
Eaton Corporation
1000 Eaton Boulevard
Cleveland, OH 44122

Re: Damon Baker

Dear Ms. Raske:

This is in response to your October 25th letter and the devices you tendered to us for inspection. Unfortunately, the representations in that letter and the balance of evidence on those devices continue to concern Danaher.

First, the most concerning issue is the Seagate external hard drive bearing serial number 2GE64EYT (the "Seagate Drive"). Page 2 of your letter states:

> *"Eaton conducted a forensic search of the USB device 2GE64EYT. During that search it was discovered that Mr. Baker used a USB device that he had used in the past to back up his Danaher drive...[and] the Recycle Bin did contain certain Danaher information. Notably, however, the forensic search demonstrated that the Danaher backup information on this USB had not been accessed by anyone since 2012 or earlier."*

At a minimum, this information suggests that Mr. Baker was in fact in possession of Danaher information when he signed the Certification that you included as Page 3 of your September 30, 2016 letter. Based on your representations, this could have included an entire backup of his Danaher computer. Unfortunately, there is no way for us to verify this now as our forensic examination of that Seagate Drive revealed that other than a "Personal" folder, there were 52,686 files and folders **wiped** from the Seagate Drive on October 12, 2016.

Danaher is gravely concerned that such a large volume of data was wiped from the Seagate Drive within *two days* after Eaton and Mr. Baker received our October 8, 2016 letters. We made it explicitly clear in those letters to preserve data and documents relevant to this matter, yet wiping occurred regardless. Based on representations on Page 2, Paragraph 2 of your October 26, 2016 letter, it appears that Eaton's IT department prepared a forensic image of this device prior to its

THIS LETTERHEAD IS PRINTED ON RECYCLED STOCK

examination and wiping. Accordingly, we demand a copy of the forensic image so that we can determine independently the contents of the Seagate Drive prior to the wiping event.

Secondly, based upon our forensic review, Danaher believes that Mr. Baker's representations regarding the export of contacts into a csv file on his Danaher computer are false and misleading. Screenshot images Figure 1 and Figure 2 below are excerpts of the forensic evidence regarding the export of the csv file.

| Name | File Ext | Last Accessed | File Created | Last Written | Symbolic Link |
|---|---|---|---|---|---|
| contacts.LNK | LNK | 09/12/16 11:24:04 AM | 09/12/16 11:24:04 AM | 09/12/16 11.24:04 AM | C:\Users\damon.baker\Desktop\contacts.CSV |
| contacts.lnk | lnk | 09/12/16 11:24:04 AM | 09/12/16 11:24:04 AM | 09/12/16 11.24:04 AM | C:\Users\damon.baker\Desktop\contacts.CSV |

*Fig 1. Evidence of creation of a contacts.csv files on September 12, 2016.*

| Name | File Ext | Last Accessed | File Created | Last Written | Symbolic Link |
|---|---|---|---|---|---|
| Damon Contacts.lnk | lnk | 09/12/16 11.23:12 AM | 09/12/16 11:23:12 AM | 09/12/16 11:23:12 AM | C:\Users\damon.baker\Desktop\Damon Contacts.pst |

*Fig 2. Evidence of PST file creation on September 12, 2016.*

Further, we found the csv file in question in the "Personal" folder that survived the data wiping. It's created dates and times match closely to the times it was created on the computer. It contained 798 contacts, a majority of which appear to be business related rather than personal, as Mr. Baker contends. Given all of the above, Danaher has no reason to trust Mr. Baker's representations on this (or any other) issue.

Danaher understandably has significant concerns regarding the preservation and review process, and has serious concerns about Eaton's and Mr. Baker's representations. As such, in an effort to avoid costly litigation, Danaher requests:

1. Eaton engage an independent third party forensic examiner who can confirm and certify that no Danaher Business System ("DBS") or Danaher materials are on Mr. Baker's Eaton computer, network shares, or email. Please inform us what search terms you intend to use to accomplish this.

2. Eaton engage an independent third party forensic examiner who can confirm and certify that no DBS or Danaher materials are on Mr. Baker's personal computer, storage devices, or email.

3. Eaton engage an independent third party forensic examiner who can confirm and certify that no Danaher contacts are on Mr. Baker's Eaton computer, network shares, email, or Personal computer, storage devices, or email.

4. That if anything relating to DBS/Danaher data or contacts are found, these items should be returned to Danaher and purged with certification from any of Mr. Baker's personal or corporate storage locations or media.

Danaher expects Eaton and/or Mr. Baker to bear the expense of the independent third party forensic review given the misrepresentations laid out in this letter together with Mr. Baker's

conduct prior to and after leaving Danaher's employ. In the end, Danaher wants confidence that Eaton does not use DBS or hire Danaher talent. Danaher believes that the four requests above are reasonable in these circumstances to achieve the confidence required to avoid escalation of this matter. Danaher is actively watching for any potential use of DBS by Eaton or Mr. Baker and potential targeted hiring of Danaher talent by Eaton. Danaher also specifically reserves all of its legal rights and remedies.

Please contact me directly to discuss next steps.

Very truly yours,

SEYFARTH SHAW LLP

Katherine E. Perrelli /clf

Katherine E. Perrelli

KEP:kr

35896604