# EXHIBIT 8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**
**MADISON DIVISION**

| | | |
|---|---|---|
| DANAHER CORPORATION, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| LEAN FOCUS, LLC, and DAMON BAKER, | § | Civil Action No. 3:19-cv-00750-wmc |
| Defendants. | § | |
| | § | |

**LEAN FOCUS, LLC'S AND DAMON BAKER'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS FROM DANAHER CORPORATION**

TO: **Danaher Corporation** c/o C. Bryan Wilson, Williams & Connolly LLP, 725 Twelfth Street, NW, Washington, DC 20005.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Lean Focus, LLC and Damon Baker hereby serve on Plaintiff Danaher Corporation the following Requests for Production. You are directed to respond to the following Requests for Production fully and completely. These Requests for Production shall be deemed continuing so as to require supplemental and/or amended responses and production. A true copy of the responses and any objections you may state or privileges you may assert in response to these Requests must be served on Defendants' counsel within thirty days after the date of service of these Requests. The documents are to be produced at the offices of Winston & Strawn LLP, 2121 North Pearl Street, 9th Floor, Dallas, TX 75201.

**INSTRUCTIONS**

Consistent with the Federal Rules of Civil Procedure, you are required to produce all responsive documents and tangible things within your custody or control, not merely those within your immediate possession.

The below Requests include requests for electronic information. Unless otherwise agreed by the parties, Danaher should produce electronic information and documents in single-page tiff images, with a load file and with all metadata fields.

If any part of the following Requests cannot be answered in full, please answer to the extent possible, specifying the reason for your inability to answer the remainder, and state whatever information you have concerning the unanswered portion. As to those Requests consisting of a number of separate subdivisions or related parts or portions, a complete response is required to each such part or portion with the same effect as if it were propounded as a separate Request.

These Requests are continuing in nature. Any documents located, created, or obtained subsequent to the documents provided in response to these Requests and that should have been produced had they been known shall be promptly supplied by supplemental responses whenever Danaher finds, locates, or acquires such documents.

Should you object to any Request, you are requested to specifically and in detail state the grounds and reasons for the objection, and to state in detail the part of the language of the Request to which you object, and state which part of the Request, if any, you are answering.

Unless another time period is specified, the time frame for each Request is from January 1, 2009 to the present.

## DEFINITIONS

1. Unless otherwise specifically defined herein, Plaintiff propounds these Requests using normal usage in the English Language.

2. As used herein, the terms "Danaher," "you," or "your" (unless otherwise specifically indicated) means Plaintiff Danaher Corporation and any of its predecessors or successors, its subsidiaries and all present and former officers, directors, employees, trustees,

principals, agents, and representatives, as well as any person acting or purporting to act on Danaher's behalf.

3. "Lean Focus" means Defendant Lean Focus, LLC and its attorneys, officers, agents, servants, employees and all other persons or entities acting on behalf of Lean Focus, and all employees who work on behalf of Lean Focus in the course and scope of employment and in furtherance of the business of Lean Focus.

4. "Baker" means Defendant Damon Baker and his attorneys, officers, agents, servants, employees and all other persons or entities acting on behalf of Baker, and all employees who work on behalf of Baker in the course and scope of employment and in furtherance of the business of Baker.

5. "Defendants" refers collectively to Lean Focus and Baker.

6. "Eaton" means Eaton Corporation and any of its predecessors or successors, its subsidiaries and all present and former officers, directors, employees, trustees, principals, agents, and representatives, as well as any person acting or purporting to act on Eaton's behalf.

7. "Complaint" means the Complaint your counsel filed against Lean Focus and Baker in the United States District Court, Western District of Wisconsin on September 11, 2019, case number 3:19-cv-00750-wmc.

8. The "Danaher Business System" refers to the business system described in Paragraphs 5, 6, and 18 of Danaher's Complaint.

9. "Person" means any natural person, individual, firm, corporation, partnership, proprietorship, joint venture, unincorporated association, government agency, and any other organization or entity of any kind.

10. The term "document(s)" shall mean and include all written, typed, printed, digitally or electronically taped, stored, or recorded or pictorial matter of any kind or nature whatsoever, however produced or reproduced, in whatever form maintained, and all identical and nonidentical (for whatever reason) copies and prior drafts thereof, in the possession, custody, or control of Danaher, and includes but is not limited to, correspondence, transcriptions, tapes, notes from telephone conversations, agreements, contracts, records, tape recordings (whether or not transcribed), compact discs, mini-discs, computer discs, reports, memoranda, studies, summaries, minutes, notes, agenda, bulletins, diaries, logs, announcements, instructions, charts, manuals, brochures, schedules, electronic mails (whether reduced to written form or not), computer data on cards or printouts, telegrams, teletype, photographic matter, financial statements, accounting, records, worksheets, voice mails (whether reduced to written form or not), and any other such documents and tangible things. The term "document(s)" also includes copies of documents upon which notations or writings appear that are not present on the originals or other copies of such documents. In all cases, where original and/or non-identical copies are not available, "document(s)" also means identical copies of original documents and copies of non-identical copies. A document is deemed to be in Danaher's custody if Danaher has possession of the document or has the right to secure such document from another person having possession thereof.

11. The words "identify" or "identification," when used with respect to a natural person(s), shall mean to state: the name, address(es) and telephone number(s) of each such person, the name of the present employer(s) and place of employment of each such person; and the job title or position presently held by each such person. If any of the foregoing information is not available, state any other available means of identifying such person.

12. The words "identify" or "identification," when used in reference to a business entity (e.g., corporation, partnership, trust, joint venture, sole proprietorship), shall mean to state (a) its full name or title; (b) its present or last known business address; and (c) its present or last known mailing address.

13. The words "identify" or "identification," when used in reference to a document, shall mean to state: its date; its author; its addressee; the type of document (e.g., letter, memorandum, receipt, invoice, schedule, report, telegram, chart, photograph, salary production, etc.); and its present location and identity of its custodian. If any document was, but is no longer, in your possession or control, or in existence, explain why. If any of the foregoing information is not available, state any other available means of identifying such document. If a document is one of a series of pages contained in a book, pamphlet, binder, folder, microfilm (or other storage device), include in your identification of such document(s) any available numerical reference (or other aid) to the pages and lines or other portion thereof at which the information referred to can be found. A true and correct copy of any document may be produced and filed with your Answers hereto in lieu of the above information.

14. "Including" means and refers to "including, but not limited to."

15. The terms and phrases "concerning," "referring," "refer," "refers," "relating," "relate," "relates," or "reflecting" mean the source document or thing (if any) and any document or thing that contains, records, discusses, involves, concerns, mentions, notes, evidences, memorializes, examines, describes, regards, pertains to, comments upon, reflects, identifies, implicates, or refers in any way to the matters set forth.

16. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

17. The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the Request all information, documents, or things that might otherwise be construed to be outside of its scope.

18. The use of the singular form of any word includes the plural and vice versa.

19. "Communication" means oral, written, or electronic communication.

**REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

**REQUEST FOR PRODUCTION NO. 1:** All documents constituting the trade secrets, or containing the trade secret information, at issue in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** All documents containing Danaher's confidential information, including any client and/or customer lists, that you contend Lean Focus or Baker has unlawfully used or disclosed.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** All documents demonstrating any restrictions or protective measures Danaher has implemented to prevent disclosure of its trade secrets and confidential information.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** All documents concerning the Danaher Business System that have been disseminated publicly within the last five years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** All documents containing any aspect of the Danaher Business System that any Danaher employee or independent contractor has presented or provided to a third party who is not subject to a nondisclosure or confidentiality agreement concerning the Danaher Business System. For example, Lean Focus and Baker are aware of a presentation given by John Sekowski at the North American Manufacturing Excellence Summit on or around April 12, 2017. Please produce this presentation and all such presentations, speeches, articles, videos, and other documents.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** All communications between and among Danaher employees concerning Lean Focus or Baker.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** All communications between Danaher and any third party concerning Lean Focus or Baker, including communications between Danaher and Eaton.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** All documents related to the development of the Danaher Business System and related materials, including but not limited to documents relied upon to create the principles of the Danaher Business System, records of Danaher's expenditures toward the development of the Danaher Business System, and documents reflecting any valuation of the Danaher Business System.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** All documents related to Danaher's policies and procedures for training employees and independent contractors regarding the Danaher Business System, the use of Danaher-owned electronic devices, and the protection of confidential or trade secret information.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** All documents related to training or instructions given to Danaher employees at the termination of their employment regarding the Danaher Business System, Danaher's confidential information, the employee's employment agreements, or the employee's Danaher-owned electronic devices.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** All agreements, whether or not currently in effect, between Danaher and Baker or Danaher and any current or former Lean Focus employee or independent contractor.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** All documents related to Baker's solicitation of any person in violation of any agreement between Danaher and Baker and/or any duty imposed by law.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** All nondisclosure, confidentiality, or other employment agreements between Danaher and each and every individual identified in response to Interrogatory No. 8.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** All documents related to Lean Focus's or Baker's intentional interference with Danaher's existing contracts or prospective economic advantages, including the existing contracts Lean Focus and Baker interfered with.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** All documents related to forensic testing or other analysis performed on any electronic device Baker used while employed at Danaher, including but not limited to a copy of all images of computers, thumb drives, cellular phones, or any other electronic device Baker used while employed by Danaher.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** All communications with any person regarding forensic examination or other analysis performed on any electronic device Baker used while employed at Danaher, including any report created by any such person.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** All documents you relied upon in answering Lean Focus's and Baker's Interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** All documents you intend to rely on to support your claims, including any document you intend to rely on at any hearing or trial of this matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:** All documents you obtain by subpoena, discovery, or informal discovery relating to this case.

**RESPONSE:**

Dated: October 30, 2019

Respectfully submitted,

**WINSTON & STRAWN, LLP**

By: */s/ John C.C. Sanders, Jr.*
John C.C. Sanders, Jr.
State Bar No. 24057036
jsanders@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl St., Suite 900
Dallas, TX 75201
Phone: 214-453-6500
Fax: 214-453-6400

*COUNSEL FOR LEAN FOCUS, LLC AND DAMON BAKER*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via email on October 30, 2019.

*/s/ John C.C. Sanders, Jr.*
John C.C. Sanders, Jr.
WINSTON & STRAWN LLP