# EXHIBIT 9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**
**MADISON DIVISION**

| | | |
|---|---|---|
| DANAHER CORPORATION, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| LEAN FOCUS, LLC, and DAMON BAKER, | § | |
| | § | Civil Action No. 3:19-cv-00750-wmc |
| Defendants. | § | |
| | § | |
| | § | |

**LEAN FOCUS, LLC'S AND DAMON BAKER'S FIRST SET OF INTERROGATORIES TO DANAHER CORPORATION**

TO: **Danaher Corporation** c/o C. Bryan Wilson, Williams & Connolly LLP, 725 Twelfth Street, NW, Washington, DC 20005.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Lean Focus, LLC and Damon Baker hereby serve on Plaintiff Danaher Corporation the following interrogatories, which Danaher shall answer, fully in writing under oath, within thirty days after service.

**INSTRUCTIONS**

If any part of the following Interrogatories cannot be answered in full, please answer to the extent possible, specifying the reason for your inability to answer the remainder, and state whatever information you have concerning the unanswered portion.

As to those Interrogatories consisting of a number of separate subdivisions or related parts or portions, a complete response is required to each such part or portion with the same effect as if it were propounded as a separate Interrogatory.

These Interrogatories are continuing in nature. Any documents located, created, or obtained subsequent to the documents provided in response to these Interrogatories and that should have

been produced had they been known shall be promptly supplied by supplemental responses whenever Danaher finds, locates, or acquires such documents.

Should you object to any Interrogatory, you are requested to specifically and in detail state the grounds and reasons for the objection, and to state in detail the part of the language of the Interrogatory to which you object, and state which part of the Interrogatory, if any, you are answering.

Unless another time period is specified, the time frame for each Interrogatory is from January 1, 2009 to the present.

## DEFINITIONS

1. Unless otherwise specifically defined herein, Plaintiff propounds these Interrogatories using normal usage in the English Language.

2. As used herein, the terms "Danaher," "you," or "your" (unless otherwise specifically indicated) means Plaintiff Danaher Corporation and any of its predecessors or successors, its subsidiaries and all present and former officers, directors, employees, trustees, principals, agents, and representatives, as well as any person acting or purporting to act on Danaher's behalf.

3. "Lean Focus" means Defendant Lean Focus, LLC and its attorneys, officers, agents, servants, employees and all other persons or entities acting on behalf of Lean Focus, and all employees who work on behalf of Lean Focus in the course and scope of employment and in furtherance of the business of Lean Focus.

4. "Baker" means Defendant Damon Baker and his attorneys, officers, agents, servants, employees and all other persons or entities acting on behalf of Baker, and all employees

who work on behalf of Baker in the course and scope of employment and in furtherance of the business of Baker.

5. "Defendants" refers collectively to Lean Focus and Baker.

6. "Complaint" means the Complaint your counsel filed against Lean Focus and Baker in the United States District Court, Western District of Wisconsin on September 11, 2019, case number 3:19-cv-00750-wmc.

7. The "Danaher Business System" refers to the business system described in Paragraphs 5, 6, and 18 of Danaher's Complaint.

8. "Person" means any natural person, individual, firm, corporation, partnership, proprietorship, joint venture, unincorporated association, government agency, and any other organization or entity of any kind.

9. The term "document(s)" shall mean and include all written, typed, printed, digitally or electronically taped, stored, or recorded or pictorial matter of any kind or nature whatsoever, however produced or reproduced, in whatever form maintained, and all identical and nonidentical (for whatever reason) copies and prior drafts thereof, in the possession, custody, or control of Danaher, and includes but is not limited to, correspondence, transcriptions, tapes, notes from telephone conversations, agreements, contracts, records, tape recordings (whether or not transcribed), compact discs, mini-discs, computer discs, reports, memoranda, studies, summaries, minutes, notes, agenda, bulletins, diaries, logs, announcements, instructions, charts, manuals, brochures, schedules, electronic mails (whether reduced to written form or not), computer data on cards or printouts, telegrams, teletype, photographic matter, financial statements, accounting, records, worksheets, voice mails (whether reduced to written form or not), and any other such documents and tangible things. The term "document(s)" also includes copies of documents upon

which notations or writings appear that are not present on the originals or other copies of such documents. In all cases, where original and/or non-identical copies are not available, "document(s)" also means identical copies of original documents and copies of non-identical copies. A document is deemed to be in Danaher's custody if Danaher has possession of the document or has the right to secure such document from another person having possession thereof.

10. The words "identify" or "identification," when used with respect to a natural person(s), shall mean to state: the name, address(es) and telephone number(s) of each such person, the name of the present employer(s) and place of employment of each such person; and the job title or position presently held by each such person. If any of the foregoing information is not available, state any other available means of identifying such person.

11. The words "identify" or "identification," when used in reference to a business entity (e.g., corporation, partnership, trust, joint venture, sole proprietorship), shall mean to state (a) its full name or title; (b) its present or last known business address; and (c) its present or last known mailing address.

12. The words "identify" or "identification," when used in reference to a document, shall mean to state: its date; its author; its addressee; the type of document (e.g., letter, memorandum, receipt, invoice, schedule, report, telegram, chart, photograph, salary production, etc.); and its present location and identity of its custodian. If any document was, but is no longer, in your possession or control, or in existence, explain why. If any of the foregoing information is not available, state any other available means of identifying such document. If a document is one of a series of pages contained in a book, pamphlet, binder, folder, microfilm (or other storage device), include in your identification of such document(s) any available numerical reference (or other aid) to the pages and lines or other portion thereof at which the information referred to can

be found. A true and correct copy of any document may be produced and filed with your Answers hereto in lieu of the above information.

13. "Including" means and refers to "including, but not limited to."

14. The terms and phrases "concerning," "referring," "refer," "refers," "relating," "relate," "relates," or "reflecting" mean the source document or thing (if any) and any document or thing that contains, records, discusses, involves, concerns, mentions, notes, evidences, memorializes, examines, describes, regards, pertains to, comments upon, reflects, identifies, implicates, or refers in any way to the matters set forth.

15. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

16. The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the interrogatory all information, documents, or things that might otherwise be construed to be outside of its scope.

17. The use of the singular form of any word includes the plural and vice versa.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Describe each and every violation of Baker's contractual obligations to Danaher that you allege has occurred, including: (1) the date of the violation; (2) the nature of the violation; (3) the contract provisions or clauses that were violated; (4) how Danaher discovered the violation; and (5) when Danaher discovered the violation.

**ANSWER:**

**INTERROGATORY NO. 2:** Identify each and every person whom the provision quoted in Paragraph 25 of your Complaint prohibited Baker from soliciting. Your response should include the following information about each such person: (1) their name; (2) their position with Danaher; (3) their dates of employment with Danaher; and (4) the relationship between their role at Danaher and Baker's.

**ANSWER:**

**<u>INTERROGATORY NO. 3:</u>** Identify each and every person whom Baker solicited in violation of any agreement between Baker and Danaher. Your answer should: (1) provide the name of the person; (2) provide the date on which the solicitation occurred; (3) provide the date on which you learned that Baker solicited the person; and (4) describe the means by which you learned that Baker solicited the person.

**ANSWER:**

**<u>INTERROGATORY NO. 4:</u>** Identify each and every "business partner, consultant, collaborator, and customer" of Danaher with whom Baker and/or Lean Focus intentionally interfered.

**ANSWER:**

**<u>INTERROGATORY NO. 5:</u>** Identify each and every document constituting or containing confidential information that Baker and/or Lean Focus used or disclosed in violation of any agreement with Danaher or any duty imposed by law.

**ANSWER:**

**<u>INTERROGATORY NO. 6:</u>** Identify the information you believe is a trade secret, including specifically what information constitutes the Danaher Business System.

**ANSWER:**

**<u>INTERROGATORY NO. 7:</u>** Identify every document you contend constitutes or contains the trade secret information at issue in this lawsuit. Your response should include the following information about each document: (1) the Bates number of the document; and (2) where the document is stored, whether physically or digitally.

**ANSWER:**

**<u>INTERROGATORY NO. 8:</u>** Identify each and every individual, including Danaher employees and third parties, who has had access to or received the documents identified in response to Interrogatory No. 7 and identify whether or not each individual is a party to a nondisclosure or confidentiality agreement with Danaher.

**ANSWER:**

**INTERROGATORY NO. 9:** Identify and describe each and every measure Danaher has implemented to protect the confidentiality of its trade secrets.

**ANSWER:**

**INTERROGATORY NO. 10:** Identify each and every Danaher employee or independent contractor to whom any aspect of the Danaher Business System has been disclosed.

**ANSWER:**

**INTERROGATORY NO. 11:** Identify each and every document containing any aspect of the Danaher Business System that has been disseminated publicly within the last five years.

**ANSWER:**

**INTERROGATORY NO. 12:** Identify all documents and other information that Baker failed to return to Danaher upon the termination of his employment.

**ANSWER:**

**INTERROGATORY NO. 13:** Identify each and every piece of Danaher's property that Baker and/or Lean Focus converted, stole, or otherwise took unauthorized possession of.

**ANSWER:**

Dated: October 30, 2019

Respectfully submitted,

**WINSTON & STRAWN, LLP**

By: */s/ John C.C. Sanders, Jr.*
John C.C. Sanders, Jr.
State Bar No. 24057036
jsanders@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl St., Suite 900
Dallas, TX 75201
Phone: 214-453-6500
Fax: 214-453-6400

*COUNSEL FOR LEAN FOCUS, LLC AND DAMON BAKER*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via email on October 30, 2019.

*/s/ John C.C. Sanders, Jr.*
John C.C. Sanders, Jr.
WINSTON & STRAWN LLP