# EXHIBIT 10

LAW OFFICES
WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901
(202) 434-5000
FAX (202) 434-5029

C. BRYAN WILSON
(202) 434-5428
cwilson@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

November 13, 2019

**Via Email**

John C.C. Sanders, Jr., Esquire
Winston & Strawn LLP
2121 N. Pearl St., Suite 900
Dallas, TX 75201

Re: *Danaher Corp. v. Lean Focus, LLC*, 3:19-cv-00750 (W.D. Wis.)

Dear John:

Before the Court entered a temporary stay of discovery, one of the recipients of a subpoena issued by Plaintiff Danaher Corporation voluntarily produced documents to a vendor. Our litigation support staff has quality checked the production and coordinated with the vendor, but none of our attorneys has reviewed any of those documents and we have not yet shared any of them with our client.

Given the allegations in the case and the potential that the production may include trade secret or confidential information belonging to one or more of the parties (including Danaher), as well as the potential that privileged communications belonging to one of the Defendants could be included in the production, we propose to do the following after the stay of discovery that Defendants sought is lifted and an appropriate protective order is entered:

1. We will have the documents produced to you and any relevant colleagues at Winston & Strawn LLP via secure FTP transfer;

2. We will continue to withhold attorney review of these documents for 10 days after that production; during that 10-day window, Defendants' outside counsel can review and identify on a privilege log any documents that they believe contain their privileged information; in the event such documents are identified on the privilege log, we will have our litigation support staff maintain such documents but not permit any of our attorneys to access such documents; if no designations are made, after 10 days following the production, all of the documents will be made available to us to review. In the event of a dispute about a document's privileged status, we will not

make any such document available to our attorneys to review until the Court has resolved the dispute.

3. All parties will maintain the documents as outside counsel eyes' only for 30 days after the production to you, and all parties may make designations in accordance with the forthcoming protective order during that 30-day window (and upon such documents being designated, they will be maintained in accordance with the protective order, including with respect to any challenges);

4. Because the parties may make confidentiality designations, I understand that the production will include electronic identifiers for each document, but we will not brand them until after the designations have been made. After the designation process is complete, we will provide an overlay or updated load file with the designations.

If this proposal is acceptable to Defendants, please advise by return email.

Sincerely,

C. Bryan Wilson

CC: Rachel Koehn, Esquire