**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**
**MADISON DIVISION**

| | | |
|---|---|---|
| DANAHER CORPORATION, | § | |
| Plaintiff, | § | |
| v. | § | |
| LEAN FOCUS, LLC, and DAMON BAKER, | § | Civil Action No. 3:19-cv-00750-wmc |
| Defendants. | § | |

**DECLARATION OF JOHN C.C. SANDERS, JR. IN SUPPORT OF MOTION FOR PROTECTION AND MOTION TO QUASH SUBPOENAS**

1. I am a partner at the law firm of Winston & Strawn LLP, 2121 North Pearl Street, 9th Floor, Dallas, TX 75201. I am the attorney representing Defendants Lean Focus, LLC and Damon Baker in the above-captioned litigation. I submit this declaration in support of Defendants' Motion for Protection and Motion to Quash Subpoenas. I have personal knowledge of the facts contained in this declaration. If called to testify about them, I could do so competently.

2. Defendants responded to Danaher's first set of discovery requests by the parties' agreed deadline of February 17, 2020. In their responses, Defendants agreed to produce responsive, non-privileged documents for most of Danaher's discovery requests and stated that they were willing to meet and confer regarding the remaining requests and the scope of Defendants' production.

3. On February 25, 2020, Danaher sent Defendants correspondence detailing alleged deficiencies in Defendants' responses and requesting a meet and confer. Defendants agreed, and while the parties were working to schedule the meet and confer, I notified Danaher's counsel that I would be out of the country with limited access to communications from February 29, 2020 to

March 9, 2020 on a personal vacation. As a result, the parties scheduled their meet and confer for Monday, March 9, 2020.

4. On Monday, March 2, 2020, Danaher sent Defendants a notice of subpoenas and proposed subpoenas to four of Lean Focus's customers. *See* Ex. A, Danaher's Notice and Subpoenas to Customers. Because I would be traveling internationally for the entirety of Defendants' seven-day period to challenge the subpoenas under the Court's January 24, 2020 order, I asked Danaher's counsel to agree that the seven-day period would begin on March 9, 2020, when I returned. Danaher's counsel only agreed to extend the challenge period for three days, until March 12, 2020.

5. Defendants have complied with Federal Rule of Civil Procedure 26(c)(1) by attempting to meet and confer with Danaher prior to filing this motion. On March 3, 2020, Defendants sent Danaher correspondence indicating that although they believed the customer subpoenas were unnecessary, in an effort to resolve this dispute without Court intervention, Defendants were willing to permit Danaher to serve the following two discovery requests on the four identified Lean Focus customers:

> Request No. 1: All communications between you and Lean Focus or you and Damon Baker regarding Danaher Corporation.
>
> Request No. 2: All documents and communications that contain references to or comparisons of the Danaher Business System.

*See* Ex. B, Defendants' Letter Regarding Danaher's Customer Subpoenas. Because the Court's January 24, 2020 order required Defendants to swiftly challenge Danaher's customer subpoenas, Defendants requested a response from Danaher by 6:00 p.m. CT on March 4, 2020. *See* Ex. B. Defendants explained that if Danaher did not accept their proposal by that time, they would file a motion for protection and to quash the subpoenas on March 5, 2020. *See* Ex. B.

6. In its response, Danaher did not address Defendants' proposed document requests to Lean Focus's customers and instead requested that the meet and confer on Defendants' responses to Danaher's discovery requests, which is scheduled for March 9, 2020, occur before Defendants filed their motion for protection. Defendants responded that they would wait to file the motion until after the March 9, 2020 meet and confer if Danaher agreed to provide Defendants the full seven-day period to challenge Danaher's subpoenas beginning on March 9, 2020, the date of my return. Defendants noted that if Danaher declined to do so, they would need to proceed with filing their motion in order to allow the Court time to set a hearing before Danaher served the subpoenas on March 12, 2020. Defendants waited until the close of business on March 5, 2020, but they did not receive a response from Danaher.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed March 5, 2020 at Playa Hermosa, Costa Rica.

John C.C. Sanders, Jr.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via electronic filing on March 5, 2020.

*/s/ John C.C. Sanders, Jr.*
John C.C. Sanders, Jr.
WINSTON & STRAWN LLP