IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANAHER CORPORATION,

        Plaintiff,

v.

LEAN FOCUS, LLC, *et al.*,

        Defendants.

ORDER

19-cv-750-wmc

---

Before the court is the parties' dispute over the contents of the protective order in this case, framed by defendants' motion (dkt. 54), plaintiff's opposition (dkt. 57) and defendants' reply (dkt. 58). A red-lined draft of the order has been submitted as dkt. 54-1. The court is granting the motion in part and denying it in part as set forth below.

As a starting point, the court is not going to wade into the meet-and-confer kerfuffle at this point, but will provide substantive rulings on the two disputed points.

Defendants first ask the court to put this clause in the definition of "Confidential":

> Provided, however, that any information subject to a non-disclosure or confidentiality agreement with a third party shall not be disclosed until authorization to disclose has been obtained from the third party, absent specific order of the court.

The court agrees that third parties have the right to provide input on whether their confidential information can or should be disclosed in this lawsuit, but the court will not endorse the approach suggested by defendants. If a party's response to a discovery request implicates third-party information that is subject to its own confidentiality agreement, then it is the party's responsibility forthwith to notify the third party so that the third party may file a motion for protection with this court not later than seven days prior to the deadline for the party to provide its discovery response. The party (in this lawsuit) may join a third-party motion, but it cannot

file its own motion in place of the third party. Failure by the third party to file a timely motion for protection constitutes waiver. If the third party seeks protection, then the court will allow a seven-day response from the party that served the original discovery request. Alternatively, if the third-party protective agreement simply requires entry of a court order to allow disclosure, then this court will enter such an order upon request.

In short, defendants' proposed version of the definition of "CONFIDENTIAL" in the protective order is accepted in part, as set forth in this order.

Next, in the "Access to Protected Information" section of the protective order, defendants want the right to disclose "Highly Confidential" information to

> Any person from whom testimony is taken if counsel for the designating party has *at least ten (10) days before* the deposition, approved the disclosure of Protected information to that person.
>
> *See* dkt. 54-1 at 8, ¶ 13. h)

Plaintiff opposes the ten day disclosure requirement, preferring that the approval occur "before or during" the deposition. Defendants complain that this will lead to deposition by ambush, fearing that plaintiff will label documents highly confidential for strategic reasons. Plaintiff responds that these fears are overblown: first, counsel for the deponent will have access to the universe of documents, so it's not as if plaintiff will confront the deponent with documents that *nobody* on the deponent's team has seen before. Second, plaintiff *wants* to confront at least one deponent–defendant Damon Baker–cold, fearing that giving him ten days advance notice of the highly confidential documents will provide him with a substantive advantage at the deposition, thus robbing plaintiff of the chance to obtain pure, spontaneous responses from Baker, which is "the foundation or the stylobate upon which the search for truth actually rests."

2

Dkt. 57 at 5, quoting *In re Propulside Prod. Liability. Litigation,* 2000 WL 1880319 (E.D. La., 12/27/00).[1]

With all due respect to the court in *Propulside*, civil discovery in a business lawsuit should be as spontaneous as a shuttle launch. It's a matter of fairness and efficiency, two goals of F.R. Civ. Pro. 1. Federal civil litigants and their attorneys have no right to ambush deposition witnesses by confronting them with critical documents that the witnesses have not seen or reviewed in years. Perry Mason moments are to be avoided, not cultivated. Perhaps plaintiff's approach might reduce Baker's ability to fabricate a tightly-woven false narrative before he testifies, but probably not: Baker has had plenty of time to prepare such a story without looking at the documents. (Plaintiff's concern also blows past the fact that Baker will take an oath to tell the truth, which one hopes would factor into his decision how to testify). Regardless, plaintiff's approach definitely reduces the possibility that Baker would be adequately prepared to provide even *truthful*–and complete–answers at his deposition. The likely outcome would be an adjournment to allow Baker to review the documents with which plaintiff's attorneys confronted him. Thus, the Perry Mason moment would be lost in any event.

Finally, the court questions plaintiff's apparent use of the AEO designation: either a document is attorneys' eyes only or it isn't. If you share the document with one of your party-opponents (as opposed to his attorney), then it isn't really an AEO document. Civil litigants may not use the AEO designation as a sword and a shield.

In short, the court accepts defendants' proposed version of Paragraph 13.h. of the protective order.

---

[1] I had to look up "stylobate." It's a continuous base supporting a row of columns in classical Greek architecture. In other words, a foundation.

Having considered the relevant cost-shifting factors of Rule 37(a)(5), the court determines that each side will bear its own costs on this motion.

ORDER

It is ORDERED that defendants' Motion for Entry of Stipulated Protective Order is GRANTED IN PART and DENIED IN PART. The court accepts and enters the proffered draft, dkt. 54-1 as modified by this order.

Entered this 29th day of June, 2020.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge