IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
─────────────────────────────────────────────────────────────

DANAHER CORPORATION,

            Plaintiff,                                   ORDER

v.

                                                        19-cv-750-wmc

LEAN FOCUS, LLC, *et al.*,

            Defendants.
─────────────────────────────────────────────────────────────

On July 1, 2021, the U.S. District Court for the District of Colorado returned the Hutchins discovery dispute to this court. Defendants' underlying motion was filed in this court on May 14, 2021 (dkt. 211), followed by Danaher's opposition on May 21, 2021 (dkt. 223), which was accompanied by the May 21, 2021 Declaration of Loren H. Hutchins, IV (dkt. 224).

Defendants believe that Hutchins's report(s) to Danaher (whether directly or through Danaher's outside counsel) are highly relevant to defendants' laches defense and critical to their ability to defendant against Danaher's claims. Danaher scoffs at this, but in any event it has refused to allow Hutchins to disclose this information, asserting attorney-client privilege, the work product doctrine, and the consulting expert rule. Despite defendants' suspicions about what Danaher actually hired Hutchins to do, Danaher's assertions of privilege may be valid. The only way for the court to tell is by reviewing the documents requested by the subpoena to Hutchins.[1]

Therefore, not later than July 19, 2021, Hutchins, by counsel, must submit *ex parte* to the court for *in camera* review the documents requested by defendants' April 15, 2021 subpoena, dkt. 211-4 at 9. In their response to the motion to compel, Hutchins and Danaher claim that the

───────────────

[1] Whether any of this information, if discoverable, actually ends up being helpful to defendants' laches defense is not today's question. Danaher has made its position on this clear in its response.

subpoena is overly broad, unduly burdensome and seeks irrelevant and cumulative information from a non-party, but they don't develop any of these claims sufficiently for the court to find that production to the court is unwarranted. As is the court's routine when performing a privilege review, I will allow Hutchins and Danaher to explain or clarify why a particular document is privileged if the basis for the claim is not clear from its face.

Entered this day of 8th July, 2021.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge