IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DAHANER CORPORATION,

    Plaintiff,

v.

LEAN FOCUS, LLC and
DAMON BAKER,

    Defendants.

JUDGMENT AND
PERMANENT INJUNCTION

19-cv-750-wmc

Pursuant to the stipulation of Plaintiff Danaher Corporation ("Danaher") and Defendants Lean Focus, LLC and Damon Baker, this Court hereby **ORDERS** that final judgment shall be and is hereby entered in this action, pursuant to Federal Rule of Civil Procedure 58, as follows:

1. The Parties have agreed that: (a) the Danaher Business System ("DBS"), as a whole and with respect to specific, identified individual tools and related materials that comprise DBS, is a trade secret as defined by the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, and the Wisconsin Uniform Trade Secrets Act, Wis. Stat. § 134.90; (b) Danaher owns and maintains DBS, which is a compilation of business processes and related materials that derive independent economic value from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure and use; and (c) Danaher undertook reasonable measures to maintain the secrecy of DBS and the various tools that are used to train Danaher personnel on DBS.

2. The Parties agree, and the Court finds, that all conditions precedent to entry of an injunction have been met, this injunction is entered, and this case is otherwise dismissed.

1

3. Any outstanding motions are denied as moot.

4. The Parties shall bear their own costs and attorneys' fees.

## PERMANENT INJUNCTION

1. For the purposes of this Permanent Injunction, the following definitions shall apply:

   a. "Baker" means Damon Baker, any and all of his representatives, affiliates, partners, successors, assigns, servants, employees, independent contractors, attorneys, and any other corporate organizations, business entities, and/or persons under his control, and all those persons aiding, abetting, or acting in concert or participation with him.

   b. "Baker Devices" means all personal computers, computer programs, iPads, external storage devices, thumb drives, flash drives, hard drives, mobile phones, servers, social media accounts, cloud storage spaces (including box.com), and any other device, medium or platform on which electronic data can be stored over which Baker has possession, custody, or control.

   c. "Danaher Corporation" means Danaher Corporation, and any and all parents, subsidiaries (including all Danaher operating companies), sister companies, affiliates, related entities, assignees, transferees, designees, alter egos, and successors in interest.

   d. "DBS" means the Danaher Business System and all of its accompanying tools, templates, and training materials.

   e. "DBS Content" means any of the following DBS tools, in whole or in part: Problem Solving Process; Visual & Daily Management; Policy Deployment Lean Conversion; Danaher Reliability System, including CDT&R; Quality System Basics; Transaction Process Improvement; and Funnel Management. Copies of the DBS Content were identified as Danaher's trial exhibit numbers 1 through 17.

    f. "Lean Focus" means Lean Focus, LLC, and any and all of its principals, representatives, subsidiaries, affiliates, partners, successors, assigns, servants, employees, independent contractors, and attorneys, and any other corporate organizations, business entities, and/or persons under its control, and all those persons aiding, abetting, or acting in concert or participation with it.

    g. "Lean Focus Devices" means all personal computers, computer programs, iPads, external storage devices, thumb drives, flash drives, hard drives, mobile phones, servers, social media accounts, cloud storage spaces (including box.com), and any other device, medium or platform on which electronic data can be stored over which Lean Focus has possession, custody, or control.

    h. "Defendants" means Baker and Lean Focus.

    i. "Parties" means Danaher together with Defendants.

2. Immediately following entry of this Judgment and Permanent Injunction and no later than thirty (30) calendar days after entry of this Judgment and Permanent Injunction, Defendants shall expunge all DBS Content in paper form and/or from the Baker Devices and the Lean Focus Devices, to the extent reasonably practical and agreed upon by Danaher and Defendants. Given the volume and complexity of the material implicated by this Judgment and Permanent Injunction, the parties have entered into a separate agreement that provides in more detail the measures that are to be taken and provides for the most reasonable, least onerous, and most efficient means of expunging the DBS Content from the Baker Devices and Lean Focus Devices. Defendants shall comply with that agreement according to its terms. In the event that, contrary to this Judgment and Permanent Injunction and the agreement of the parties, any data that Defendants are ordered to

expunge is nevertheless transferred or otherwise made available to a non-party (other than Danaher), then such non-party shall be subject to this Judgment and Permanent Injunction on the same terms as Defendants.

3. Defendants are hereby permanently restrained and enjoined from possessing, accessing, using, distributing, selling, or publishing any of the DBS Content, or inducing or encouraging any individual or entity to do so.

4. If, following the completion of the destruction and remediation measures set forth herein, Defendants identify any DBS Content in paper form and/or appearing in or on any Baker Device or any Lean Focus Device, the following notice-and-cure protocol shall apply:

    a. Defendants shall give written notice to Danaher and its counsel of record within five (5) calendar days of either Defendant obtaining knowledge of such DBS Content in paper form and/or appearing in any Baker Device or any Lean Focus Device;

    b. Defendants shall preserve but not use the DBS Content (other than for purposes of complying with this Judgment and Permanent Injunction);

    c. Defendants' notification shall provide a description of the DBS Content that has been identified, a copy of it, the date it was received, and the source; and

    d. Unless otherwise directed in writing by Danaher, Defendants shall remove all of the DBS Content permanently and provide notice to Danaher certifying that the removal has taken place and the date of such removal.

5. This Court shall retain jurisdiction of this matter in law and equity for purposes of enforcing and/or adjudicating any claim of any violation of this Judgment and Permanent Injunction. The Parties irrevocably and fully waive and relinquish any argument that venue in or jurisdiction by this Court in this action is improper or inconvenient.

6. The Parties irrevocably and fully waive any and all right to appeal the Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

7. Defendants shall give notice of this Judgment and Permanent Injunction to each of their officers, directors, members, agents, independent contractors, servants, employees, owners, alter egos, affiliates, all entities through which they conduct business, representatives, successors, and all those acting in concert or participation with each or any of them, to the extent such notice is reasonably required to adhere to the terms of this Permanent Injunction.

**SO ORDERED**, this 13th day of August, 2021.

BY THE COURT:

_____
WILLIAM M. CONLEY
District Judge

**SO ENTERED**, this 13th day of August, 2021.

_____
PETER A. OPPENEER
Clerk of Court